1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KENYATTA THURSTON,

        Petitioner,

    v.

LELAND MCEWEN, Warden

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

1:09-cv-00672 AWI MJS HC

FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS

[Doc. 16]

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent[1] is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.**    **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, following conviction by a jury for battery on a correctional officer (with various sentencing enhancements

---

[1]Respondent has notified the Court that Petitioner has been transferred to Calipatria State Prison where Leland McEwen serves as the current warden.  The Court shall substitute Mr. McEwen as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

1    0. (See LD No. 1.[2]) On February 23, 2005, Petitioner was sentenced to serve a determinate

2    term of eight years in prison. (Id.) Petitioner appealed, and on April 5, 2006 the California

3    Court of Appeal, Fifth Appellate District affirmed the judgment. (LD No. 2.) The California

4    Supreme Court denied review on June 14, 2006. (LD Nos. 3-4.)

5         Starting in April 2007, Petitioner filed three post-conviction collateral challenges with

6    respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

7         1.   Kings County Superior Court
              Filed: April 3, 2007[3];
8             Denied: May 21, 2007;

9         2.   California Court of Appeals, Fifth Appellate District
              Filed: July 17, 2007;
10            Denied: September 18, 2007;

11        3.   California Supreme Court
              Filed: November 1, 2007;
12            Denied: April 23, 2008;

13   See LD Nos. 5-10.

14        On April 13, 2009[4], Petitioner filed the instant federal petition for writ of habeas corpus

15   in this Court. On September 13, 2010, Respondent filed a motion to dismiss the petition as

16   being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).

17   Petitioner filed an opposition to the motion on October 28, 2010.

18   ///

19   ///

20   ///

21

22        [2] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

23        [3] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
     the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
24   487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness
     of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
25   2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
     filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
26   the Rules Governing Section 2254 Cases. Petitioner failed to date his three state habeas corpus petitions.
     Accordingly, Petitioner cannot benefit from the mailbox rule with regard to these filings.

27
          [4]Although the petition was filed on April 15, 2009, under the mailbox rule the Court will consider the
28   petition filed on April 13, 2009, the date Petitioner signed the petition.

## II.     DISCUSSION

### A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 13, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners

seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on June 14, 2006. The state appeal process became final ninety days later, on September 12, 2006, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on September 13, 2006. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from September 13, 2006, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until April 13, 2009, over a year and a half after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no

1    showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-

2    (D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not

3    barred by the statute of limitations.

4        **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

5        28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for

6    State post-conviction or other collateral review with respect to the pertinent judgment or claim

7    is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).

8    In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a

9    petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals

10   between one state court's disposition of a habeas petition and the filing of a habeas petition

11   at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

12   183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state

13   petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court

14   explicitly states that the post-conviction petition was timely or was filed within a reasonable

15   time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.

16   189 (2006). Claims denied as untimely or determined by the federal courts to have been

17   untimely in state court will not satisfy the requirements for statutory tolling. Id.

18       As stated above, the statute of limitations period began on September 13, 2006.

19   Petitioner filed his first state habeas petition on April 3, 2007, with the Kings County Superior

20   Court. At that point, 202 days of the limitations period had elapsed. Assuming the petition was

21   properly filed, the statute of limitations is tolled for the time this petition was pending. The

22   petition was denied on May 21, 2007. Petitioner next filed a state habeas petition with the

23   California Court of Appeal, Fifth Appellate District on July 17, 2007, which was denied on

24   September 18, 2007. Petitioner then filed a state habeas petition with the California Supreme

25   Court on November 1, 2007, which was denied on April 23, 2008. Accordingly, the statute of

26   limitations were tolled during the period between April 3, 2007 and April 23, 2008.

27       As 202 days had expired prior to Petitioner filing his first round of state habeas

28   petitions, 163 days of the limitations period remained as of April 23, 2008.  Accordingly, the

1  limitations period expired 163 days later on October 3, 2008. The present petition was filed on

2  April 23, 2009, over six months after the expiration of the year statute of limitations period

3  including applicable tolling. As such, the instant federal petition remains untimely.

4      **D.    Equitable Tolling**

5      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

6  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

7  stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v.

8  DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace,

9  544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). In his opposition,

10  Petitioner acknowledges that the petition was not filed within the one year statute of limitations.

11  However, Petitioner presents several reasons why the Court should consider his petition timely

12  including: (1) Petitioner's limited ability to read or write English, (2) limited access to the law

13  library, and (3) difficulty in finding assistance from other inmates to prepare his petition.

14      The federal courts have duty to construe pro se pleadings liberally. Hamilton v. United

15  States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)

16  (quotation omitted)). Consistent with such duty, the Court shall consider Petitioner's grounds

17  for lenience as potential grounds for equitable tolling, and review them in turn.

18      1.    Illiteracy and Limited Knowledge of the English Language

19      Petitioner contends he should be granted equitable tolling because he is unable to read

20  or write English. In Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006), the Ninth

21  Circuit held that a non-English speaking petitioner may be entitled to equitable tolling if he can

22  demonstrate that he was unable, despite diligent efforts, to procure legal materials in his

23  language or to obtain translation assistance. However, in Pace v. DiGuglielmo, the Supreme

24  Court made clear the requirement that equitable tolling is only available if the petitioner

25  demonstrates that he acted diligently. 544 U.S. at 418. In order to show diligence, he must

26  provide details of any specific actions he took toward the filing of the petition. Arthur v. Allen,

27  452 F.3d 1234, 1253 (11th Cir. 2006), *opinion modified on reh'g*, 459 F.3d 1310 (11th Cir.

28  2006). Additionally, he "bears a strong burden to show specific facts to support his claim of

1    extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th

2    Cir. 2008).

3          In this case, Petitioner fails to demonstrate that he acted diligently. He asserts only that

4    he is illiterate and dependent upon the assistance of other inmates to complete his filings. He

5    does not identify any specific actions he took to try to mitigate or compensate for his language

6    deficiency.   His conclusory claim is insufficient to satisfy his burden of demonstrating he acted

7    diligently.

8                        2.    Limited Access to Law Library

9          Petitioner also claims that prison lockdowns interfered with his access to the law library.

10   Such circumstances are not extraordinary and do not warrant equitable tolling. See United

11   States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of

12   transcripts from court reporters and lockdowns at prison lasting several days and allegedly

13   eliminating access to law library were not extraordinary circumstances and did not equitably

14   toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL

15   13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not

16   constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of

17   limitations. Prisoners familiar with the routine restrictions of prison life must take such matters

18   into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v.

19   Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL 775085, *2 (N.D. Cal. 1998) (holding

20   that prison lockdowns do not constitute extraordinary circumstances warranting equitable

21   tolling).

22         Moreover, Petitioner does not identify any specific times when he was denied access

23   to the library or indicate how lockdowns or anything else prevented him from filing the instant

24   petition during the limitations period.  His vague attribution of delayed filings to lockdowns are

25   insufficient.   Lockdowns are experienced by the majority of incarcerated prisoners attempting

26   to file petitions for writ of habeas corpus. They are not  extraordinary and do not justify

27   equitable tolling.

28

1   ///

2

3                    3.   Assistance from Other Inmates

4        Additionally, Petitioner's claim of equitable tolling based on difficulty in finding

5   assistance from other inmates must fail. The actions of fellow inmate assistants which result

6   in an untimely petition do not constitute extraordinary circumstances sufficient to justify

7   equitable tolling. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988); Hughes v. Idaho

8   Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

9   **III.   CONCLUSION**

10       As explained above, Petitioner failed to file the instant petition for Habeas Corpus within

11  the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to

12  the benefit of statutory tolling, the petition was still not timely filed.  Petitioner is not excused

13  from timely filing due to equitable tolling.  Based on the foregoing, Respondent's motion to

14  dismiss should be granted.

15  **IV.   RECOMMENDATION**

16       Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

17  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's

18  failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

19       This Findings and Recommendation is submitted to the assigned United States District

20  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

21  Local Rules of Practice for the United States District Court, Eastern District of California.

22  Within thirty (30) days after the date of service of this Findings and Recommendation, any

23  party may file written objections with the Court and serve a copy on all parties.  Such a

24  document should be captioned "Objections to Magistrate Judge's Findings and

25  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

26  days after service of the Objections. The Finding and Recommendation will then be submitted

27  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

28

U.S. District Court
E. D. California                          -8-

(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  <u>    December 22, 2010    </u>    <u>/s/ Michael J. Seng    </u>
UNITED STATES MAGISTRATE JUDGE